UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MATTHEW MAYER,**

    **Plaintiff,**

    v.                                                                                         **Case No. 24-CV-1310-SCD**

**VILLAGE OF MENOMONEE FALLS,**
**JEREMY WALZ,**
**MENOMONEE FALLS POLICE DEPARTMENT,**
**MARK WATERS,** and
**EUGENE NEYHART,**

    **Defendants.**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

In October 2024, Matthew Mayer filed a federal complaint against the Village of Menomonee Falls, Jeremy Walz (the Village trustee, and later president), the Menomonee Falls Police Department, Mark Waters (the chief of police), and Eugene Neyhart (a police captain). *See* Compl., ECF No. 1. Mayer, who is proceeding without a lawyer, later filed an amended complaint asserting that the defendants violated his constitutional rights, specifically his right to equal protection under the 14th Amendment to the Constitution. *See* Am. Compl., ECF No. 3. On June 10, 2025, I granted the defendants' motion to dismiss the amended complaint and gave Mayer until July 1, 2025, to file a second amended complaint. *See* Decision & Order, ECF No. 27.

Mayer has not filed a second amended complaint. At Mayer's request, I extended the deadline twice. *See* Text Only Order, ECF No. 29; Text Only Order, ECF No. 31. After Mayer failed to file an amended complaint by the extended deadline, the defendants moved to

dismiss this action in its entirety. *See* Defs.' Mot., ECF No. 33. Rather than dismiss the case at that point, I gave Mayer one last chance to amend, warning him that failure to comply would result in dismissal with prejudice. *See* Rule 41 Notice, ECF No. 34 (citing Fed. R. Civ. P. 41(b) and E.D. Wis. Civ. L. R. 41(c)). That notice gave Mayer until October 7, 2025, to file his amended complaint, but I still haven't received anything from him.

A defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." *Id.* "A Rule 41(b) dismissal is appropriate when there is 'a clear record of delay or contumacious behavior,' or when other sanctions have proved unavailing." *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 339 (7th Cir. 1987) (quoting *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985); *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)).

There is a clear record of delay in this case. I granted the defendants' motion to dismiss for failure to state a claim back in June 2025. Since then, Mayer has been given multiple opportunities to comply with the court's order to file a second amended complaint. He has failed to do so. Accordingly, the court **GRANTS** the defendants' motion to dismiss, ECF No. 33, and **DISMISSES** this action with prejudice. The clerk of court shall enter judgment that this entire action is dismissed with prejudice and that Mayer shall take nothing from any of the defendants by his complaint or amended complaint.

**SO ORDERED** this 30th day of October, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge